Knorr, Appellant, *v.* Commercial Casualty Insurance Company.

Argued April 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Louis Vaira,* with him *John M. Shane,* for appellant.

*George Y. Meyer,* for appellee.

OPINION BY GUNTHER, J., July 17, 1952:

Edward J. Knorr, appellant, instituted an action in assumpsit against Commercial Casualty Insurance Company, appellee, to recover $1,197.45, representing fees and expenses which he incurred in successfully defending a damage suit by a patron injured in his beauty shop when a mechanical hair dryer struck her on the head. Plaintiff alleged that his contract of insurance with the defendant company required it to defend suits arising from injuries of the type involved in this case. Defendant company claimed that by an endorsement on the policy such risk was excluded and refused to defend the damage case against plaintiff. A jury returned a verdict for plaintiff in the instant case for $850, but the court below entered judgment n.o.v. on defendant's motion. Plaintiff now appeals from the dismissal of his motion for a new trial and the entry of judgment n.o.v.

Defendant had issued to the plaintiff an "Owners', Landlords' and Tenants' " insurance policy of the type issued to cover the ordinary risks of dwellings and commercial buildings. An endorsement on the policy specifically provided that it did ". . . not apply under Division 1 of the Definition of Hazards, to the rendering of any professional services . . . by any person, including any physician, surgeon, dentist, optician, nurse, barber, manicurist, masseur, chiropodist or other attendants." The evidence establishes that defendant's agent at that time even indicated to plaintiff two examples of the type of accident excluded under this policy, e.g., a manicurist cutting the finger of a cus-

tomer or a customer being burned by a permanent wave machine. The injury in this case occurred when a customer who was seated beneath a mechanical hair-dryer was struck on the head when this instrument unexplainedly fell forward and downward. The pivotal issue for our determination, therefore, is whether the term "professional services" as set forth in the insuring contract and endorsement excludes the drying of a customer's hair in a beauty parlor by means of a mechanical hair-dryer.

In construing the policy of insurance, it is the duty of the court to attempt to ascertain what was probably in the contemplation of the parties when the contract was written. *Ferry v. Protective Indemnity Co.*, 155 Pa. Superior Ct. 266, 38 A. 2d 493. The evidence establishes that plaintiff was informed that the contract specifically excluded injuries arising from the "rendering of any professional services", and that the phrase "professional services" was explained by defendant's agent by giving two examples. This much the appellant concedes, but argues that "By no stretch of the imagination can it be said that the patron . . . was injured as a result of professional services". There is no merit to this contention. Since this policy was issued specifically to cover a beauty parlor, it is clear that the term "professional services" refers to the technical work performed by beauticians, hair-dressers, etc. The patron contracted to have her hair rinsed and an integral operation of that service was to dry the hair by means of a mechanical hair dryer. It was indeed a part of the overall service of rinsing hair. Moreover, in the statute requiring the licensing of beauty parlors and beauticians, the type of work covered by the Act is defined at length and includes any kind of work done to the hair "by the use of mechanical or electrical apparatus or appliances. . .". Act of May 3, 1933, P. L. 242, as amended, 63 PS §507. Certainly it was with-

in the contemplation of the parties to exclude accidents arising from work being performed by plaintiff's employes as professional beauty culturists. In addition to the plain wording of the exclusion and the clarifications given plaintiff by defendant's agent, the title of the policy "Owners', Landlords' and Tenants' " liability obviously disclosed that the policy was intended to cover the normal type of accidents occurring on real estate and not the type injury as was sustained which germinated the present litigation. Furthermore, the premium rate of the insurance was calculated upon the area of the property, the footage of the public sidewalks and ordinary hazards common to such properties.

Nor are plaintiff's other points for appeal well taken. The admission into evidence showing the licensing requirements of beauty parlors and the premium ratio of other types of liability policies was proper in the circumstances, in order to clarify the terms of the contract and to aid in determining the intention of the parties. Parol evidence is always admissible for these purposes. *Bubb v. Parker & Edwards Oil Co.*, 252 Pa. 26, 97 A. 114. Plaintiff's exception to the failure of the court below to charge as desired in reference to attorney's fees is irrelevant in view of our decision that the accident involved was excluded from this insurance policy.

Judgment affirmed.