Ben KAUFMAN, Trading and Doing Business as The Prince Distributing Company, and Continental Casualty Company, a corporation,

v.

LIBERTY MUTUAL INSURANCE COMPANY, a corporation,

Continental Casualty Company, a corporation, Appellant.

No. 12166.

United States Court of Appeals Third Circuit.

Argued June 4, 1957.

Decided July 3, 1957.

---

Robert E. Wayman, Pittsburgh, Pa. (Hamilton A. Robinson, Joseph B. Bagley, Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., on the brief), for appellant, Continental Casualty Co.

V. C. Short, Pittsburgh, Pa., for appellee.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

In this declaratory judgment action we are asked to construe the provisions of a general liability insurance policy excluding liability incurred in the "loading or unloading" of vehicles. The case is one in federal court by diversity of citizenship and involves Pennsylvania law. The Pennsylvania decisions involved are Wheeler v. London Guarantee & Accident Co., 1928, 292 Pa. 156, 140 A. 855; Ferry v. Protective Indemnity Co., 1944, 155 Pa.Super. 266, 38 A.2d 493; and Washington Assur. Corp. v. Maher, 1942, 31 Del.Co.R., Pa., 575. Before we get into this interesting question, however, we are met at the outset with a jurisdictional problem. The parties have not mentioned this problem and no doubt would be glad to have federal court interpretation of their insurance contract. But it is a truism that the "inferior" federal courts are courts of limited jurisdiction and have authority to act only where a statute confers it. In this diversity case the amount involved must be $3,000 and upwards. 28 U.S.C. § 1331; Canadian Indemnity Co. v. Republic Indemnity Co., 9 Cir., 1955, 222 F.2d 601.

Our difficulty in this case is to see how that requirement is met. The first reaction of the chain in this series involved a suit started in the Court of Common Pleas of Allegheny County, Pennsylvania. There a plaintiff named Florence McClester sued Ben Kaufman for injuries alleged to be sustained when the defendant's employee lifted a cellar door set in a sidewalk causing the plaintiff to fall. Her claim, in the last paragraph of the complaint, was "to recover a sum in excess of Twenty-five Hundred ($2500.00) Dollars." Obviously, we have not yet reached a $3,000 qualification.

In the meantime, while the McClester suit was still pending, Kaufman, the original state court defendant, brought this suit in the Western District of Pennsylvania against Liberty Mutual Insurance Co., his general liability insurer. The suit was for the construction and

application to the accident involved of a clause excluding coverage for liability incurred while "loading or unloading" a vehicle. Later, pursuant to motion, Kaufman added as a party plaintiff Continental Casualty Co., an automobile liability insurer whose policy did cover loading and unloading operations. The two insurance companies have agreed that one of the two policies covers the accident here involved.

Kaufman, the original plaintiff in this action, alleged in his complaint that the amount in controversy exceeded the sum of $3,000. The defendant, Liberty Mutual through its attorney, V. C. Short, Esquire, filed an answer denying "that the matter in controversy in this action exceeds the sum of $3,000.00 exclusive of interest and costs."

■ The district court found, as a conclusion of law, that it had jurisdiction of the subject matter and the parties. But in checking through to see what happened to the denial of the required amount for federal jurisdiction we find no evidence whatever to support the allegation. There was a pre-trial colloquy between counsel and court. The learned judge was fully aware that federal jurisdiction could not be stipulated and Mr. Short, representing Liberty Mutual, said that he "couldn't very well admit that the other case over in the Common Pleas is worth $3,000.00," since such an answer may have amounted to an admission against interest. Cf. Giannone v. United States Steel Corp., 3 Cir., 1956, 238 F.2d 544. As the colloquy continued, with the court endeavoring to shorten the case and cut down expense, Mr. Short said: "I am willing to say this for the record, for the purpose of extending jurisdiction to this Court in this declaratory judgment action, but without prejudice as far as any admissions may be concerned in the other Court, in other actions, I am perfectly willing to concede that there is jurisdiction and that the amount in controversy potentially exceeds the jurisdictional limit."

Much as we sympathize with the effort of the court and counsel to shorten up litigation we cannot think that this stipulation will establish federal jurisdiction. The party asserting it has the burden of proving all the jurisdictional prerequisites. When a general allegation is denied, he must offer competent proof in support of his claim. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Lee-Wilson, Inc., v. General Electric Co., 1 Cir., 1955, 222 F.2d 850; Williams v. Employers Mut. Liab. Ins. Co., 5 Cir., 1942, 131 F.2d 601. We do not think that burden can be carried by an admission, for the purpose of establishing jurisdiction and effectively limited to that purpose, that the claim "potentially" exceeds $3,000.

The policies issued by each of the insurers to Kaufman were for amounts in excess of $3,000 for injuries to a person. We do not think that fact helps the showing of federal jurisdiction, however, because we have not the faintest idea at this point whether the claim against the insured was for an amount in excess of $3,000. Nor have we any idea of the value of the insurers' agreements to defend Kaufman in the state court. We reject the notion that the full face amount of the policy is the amount in controversy regardless of how little is claimed by the victim against the insured. See, e. g., C. E. Carnes & Co. v. Employers' Liab. Assur. Corp., 5 Cir., 1939, 101 F.2d 739. These problems were discussed and a similar conclusion was reached in Canadian Indemnity Co. v. Republic Indemnity Co., 9 Cir., 1955, 222 F.2d 601; cf. Security Ins. Co. v. Jay, D.C.D.Minn.1952, 109 F.Supp. 87; Annotation 115 A.L.R. 1489 (1938).

It may be that upon remand to the district court the matter of jurisdiction may be established. Cf. Illinois Terminal R. Co. v. Friedman, 8 Cir., 1953, 208 F.2d 675. If so, the opportunity temporarily lost may be restored to this Court to write a learned discussion as to

the meaning of this clause of the insurance policy.

The judgment of the district court is reversed and the case remanded to the Western District of Pennsylvania with directions to dismiss unless by such further proceedings as the district court permits federal jurisdiction is established.