## Parker White Metal Co. v. Boston Old Colony Insurance Co.

*Quinn, Leemhuis, Plate & Dwyer,* for plaintiff.
*Curtze & Gent,* for defendant.
*McNelis & McNelis,* for Hiram J. Newton.

EVANS, P. J., March 13, 1962.—This matter is before us on a petition of plaintiff for declaratory judgment to determine the responsibility, if any, resting upon defendant with respect to an accident which occurred December 18, 1958, while Hiram J. Newton, an employe of the Colligan Company of North East, Pennsylvania, was delivering an acetylene gas cylinder to the plant of Parker White Metal Company. Defendant does not oppose this petition or its purpose of having determined defendant's responsibilities, but disagrees with plaintiff in its conclusions with reference thereto. For our purposes here the facts are not in dispute.

From the pleadings we make the following

### Findings of Fact

1. Hiram J. Newton, an employe of the Colligan Company of North East, Pennsylvania, brought action against the Parker White Metal Company alleging that on December 18, 1958, while he, in the course of his employment, was unloading and delivering an acetylene gas cylinder for the Colligan Company to a loading dock of defendant, Parker White Metal Company, was injured as a result of the Parker Company's negligence in permitting an oily, greasy and slippery condition on its loading dock, which caused him to fall.

2. On the date of the accident, a policy of automobile liability insurance, issued by the Boston Old Colony Insurance Company and covering the Colligan truck used by Hiram J. Newton, was in full force and effect.

3. Said policy of insurance contained an omnibus clause providing: "Definition of insured: (a) With respect to the insurance for bodily injuries liability, and for property damage liability, the unqualified wording 'insured' includes the named insured and if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with permission of either."

4. The Parker White Metal Company did not in any manner participate in delivering the acetylene gas cylinder to its loading platform.

5. The negligence of the Parker White Metal Company, assuming for our purposes here this to be a fact, consisted of the maintenance of an unsafe loading platform.

### Discussion

In Kaufman v. Liberty Mutual Insurance Company, 264 F. 2d 863, the court held: "We should first recognize the Pennsylvania rule that a contract of insurance must have a reasonable interpretation, such as was in the contemplation of the parties when it was made."

It must be noted from the wording of the omnibus clause recited in our finding of fact no. 3 that the insurance carrier assumed responsibility for bodily injuries or property damage liability arising while the insured vehicle was actually being used by the insured or with his permission.

The use of this vehicle began at the point where loading of cargo began and continued to the point where the cargo had been lifted or removed from the vehicle and set down or the movement which took it from the truck ceased: Kaufman v. Liberty Mutual Insurance Company, supra; Ferry v. Protective In-

demnity Company of New York, 155 Pa. Superior Ct. 266. Such situation is often referred to as the "coming to rest doctrine." As stated in Federal Insurance Company v. Michigan Mutual Liability Company, 277 Fed. 2d 442, it has been contended that Pennsylvania has adopted the "complete operation doctrine", which includes all intermediate steps from the time the goods are removed from the truck until they are turned over to the party for whom intended. Commenting further, the court in this case stated: "It should be pointed out that there is no clear enunciation of which rule Pennsylvania would apply."

Under either of these theories, keeping in mind the fact that the coverage is in connection with the *use of the vehicle*, we conclude the law to be as succinctly stated in paragraph five of the syllabus in Travelers Insurance Company v. Buckeye Union Casualty Co., 172 Ohio 507, 178 N. E. 2d 792, as follows:

"Where injury is caused by claimed negligence of third party who is not connected with truck, who has no legal relationship to named insured, and who, under normal circumstances, would not be using truck, it must first appear, before liability provisions of indemnity policy covering truck apply, that third party was in actual use of truck at time of injury, with express or implied permission of named insured." (Syllabus, 178 N. E. 2d.)

*Conclusions of Law*

1. This controversy is properly the subject of a declaratory judgment.

2. The insurance policy of Boston Old Colony Insurance Company did not extend coverage to the Parker White Metal Company under the facts recited.

3. A decree relieving and discharging the Boston Old Colony Insurance Company from any responsibility or liability with respect to the matter in litigation between Hiram J. Newton and Parker White Metal

Company, no. 100 February term, 1961, should be entered.

4. Plaintiff should pay the costs.

*Judgment*

And now, March 13, 1962, it is hereby declared and decreed that the Boston Old Colony Insurance Company is without responsibility or liability to furnish legal assistance or to indemnify the Parker White Metal Company in any way with respect to the litigation entered in the case of Hiram J. Newton v. Parker White Metal Company in the Court of Common Pleas of Erie County, Pennsylvania, at no. 100 February term, 1961.

Plaintiff shall pay the costs.