Charles Gr. Tierney, J.
Plaintiff moves for summary judgment. This plaintiff is the defendant in a suit instituted against him by a customer claiming negligence and injury in that plaintiff’s employee, after completing a haircut, used a whisk broom and with it poked the customer’s eye. Defendant has disclaimed, and by this action plaintiff seeks judgment declaring an obligation to defend and to pay.
The policy contains an exclusion as follows:
‘ ‘ It is agreed that, as respects any classification stated below, the policy does not apply to injury, sickness, disease, death or destruction due to the rendering of or failure to render any cosmetic, tonsorial, massage, physio-therapy, chiropody, hearing aid, optical or optimetrical services, or treatments.
‘ ‘ Classification of Operations:
* * *
“ 135 Barber or Beauty Shops ”
Disclaimer occurred more than six months after service of plaintiff’s bill of particulars in the main action, which disclosed *46 the nature and circumstances of the accident, and more than four months elapsed after filing of note of issue and statement of readiness in that action.
Plaintiff urges prejudice as a result of defendant’s disclaimer, claiming that he has lost the opportunity to pretrial disclosure in the main action.
Defendant contends that the issue, whether the acf of negligence with which its assured, plaintiff herein, is charged, is outside the policy exclusion, has been determined adversely to plaintiff’s position in numerous decisions.
Thus, in Ruggieri v. New Amsterdam Cas. Co. (276 App-Div. 1031) the cover of a sink fell upon the customer’s face after she had been placed in a reclining position, with her head over the sink, in readiness for a shampoo. In Sussman v. American Sur. Co. of N. Y. (345 F. 2d 679) personal injury was sustained when a lid of a stationary washbasin fell on the customer’s head while she was receiving a shampoo. In Knorr v. Commonwealth Gas. Ins. Co. (171 Pa. Super. Ct. 488) a mechanical hair dryer was involved which struck the customer on the head when the instrument fell. In those instances, the injury was caused by an instrument or implement directly involved as a component part of the service or treatment. The use of the whisk broom is not the use of equipment or implement directly connected with a tonsorial operation. Indeed, in Ruggieri (supra) the dissenting opinion was predicated upon the fact that the shampoo had not been commenced, while the prevailing opinion necessarily found that the preparation was part of the service and the washbasin was an instrument or implement necessarily involved in a shampoo.
This court is of the view that the act of a barber in brushing the clothing of a patron with a whisk broom is not part of the tonsorial service. It may be part of the business, just as helping a customer on with his coat or opening the door to facilitate his ingress or egress. But in no sense can it be considered a part of the tonsorial art.
Accordingly, this court finds, as a matter of law, that the accident did not occur in the performance of tonsorial services, whether within or outside the scope of the employee’s duties. The risk excluded is injury and legal liability arising strictly from tonsorial service. The exclusionary clause is not broad enough to exclude from coverage liability attaching from performance of any act by any employee, as defendant contends.
The motion is granted.