380 A.2d 381

## PRESBYTERIAN–UNIVERSITY OF PENNSYLVANIA MEDICAL CENTER, Appellant,

v.

## KEYSTONE INSURANCE COMPANY, Appellee,

### and

### Willie Bass, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 20, 1977.

Decided Dec. 2, 1977.

Robert M. Britton, Philadelphia, for appellant.

Gerald J. Cohen, Philadelphia, for appellee, Keystone Ins. Co.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

On February 20, 1973, Willie Bass was driven to Presbyterian-University of Pennsylvania Medical Center (Appellant) by his wife. The car she drove was the family automobile and was insured by Keystone Insurance Company (Appellee). Upon their arrival at the hospital, Mrs. Bass parked the car next to a curb and entered the hospital to seek help in removing Mr. Bass, who was suffering from back pains, from the car. She returned with a hospital orderly and a wheelchair. After the orderly had assisted Bass from his auto, but before he had placed him in the wheelchair, he allegedly dropped Bass to the ground with severe injuries resulting.

Bass filed an action in trespass against Appellant Medical Center. Upon discovering that Bass was insured by Appellee Keystone Insurance Company, the Medical Center requested that Keystone enter a defense for it. When Keystone refused, the Medical Center filed a petition for declaratory judgment in the Court of Common Pleas in which it asked the court to interpret the insurance policy as to require Keystone to defend the Medical Center. The insurance policy in question defines "insured" as "any . . . person using such automobile with the permission of the named insured . . . ." and includes "the loading and unloading thereof" within the definition of "use." The Medical Center argues, therefore, that since its employee was "unloading" Bass from his car with his permission when the alleged dropping occurred, it is an "insured" and entitled to a defense by the insurance company.

The lower court dismissed the petition for declaratory judgment and the Medical Center has brought this appeal. Appellant urges us to reverse the lower court's decision. It alleges that the court erred in dismissing the petition on the ground of late notice of the accident to appellee and in holding that the insurance policy did not afford coverage to the Medical Center as an insured under the loading and unloading clause.

■ We find it unnecessary to address either of appellant's arguments. The lower court found that there was no direct connection between the use of the automobile and Bass' injury and that, therefore, the coverage under the policy would not apply to the present situation. Granting or denying a petition for a declaratory judgment is a matter lying within the sound discretion of the lower court. *Greenberg v. Blumberg*, 416 Pa. 226, 228, 206 A.2d 16, 17 (1965); *Reese v. Tomsic*, 405 Pa. 380, 383, 175 A.2d 528, 530 (1961). We find that the lower court did not abuse its discretion in denying the petition and we affirm its decision.

■ The law is well-settled in Pennsylvania that

The "loading and unloading" clause is only an extension of the ownership, maintenance and use clause in the policy. To bring the accident within the "loading and unloading" clause of the policy there must be a connection between the accident and the use of the vehicle insured. The vehicle must have been directly connected with the work of [un]loading; or it must have been an active factor in the operation. See *Wheeler et al. v. London Guarantee & Accident Co.*, 292 Pa. 156, 140 A. 855 [1928].

*Ferry v. Protective Indemnity Company of New York*, 155 Pa.Super. 266, 269, 38 A.2d 493, 494 (1944), *allocatur denied.* See, also, *Kaufman v. Liberty Mutual Insurance Company*, 264 F.2d 863 (3d Cir., 1959).

In *Wheeler*, the insured vehicle, a truck, was actively involved with the movement of a steel girder, previously unloaded from the truck's bed, into a nearby building. When a youth was injured by the girder, the company insuring the truck was held liable for the youth's injuries because the use of the truck in dragging the girder into the building was found to be merely an extension of the unloading process. In *Ferry*, on the other hand, a woman was injured when she was struck by a cellar door opened outward onto a street by a truck driver. Although the cellar door was being opened to allow the driver to carry ashes from the cellarway to his truck parked nearby, the court found that opening the door was only preparatory to loading the truck and that the truck played no role in the woman's injury. The insurance policy on the truck, therefore, was held not to cover the injuries. A similar situation arose in *Kaufman* when a pedestrian was injured by a truck driver opening a cellar door so he could retrieve a barrel of beer he had unloaded from his truck and placed on the sidewalk. The court found that the truck, parked at the curb, was not connected to the injury. Again, the company which had issued insurance covering the loading and unloading of the truck was not held liable for the pedestrian's injuries.

The fact that the above cited cases all dealt with commercial vehicles does not diminish their applicability to the case

before us. The law as expressed in *Wheeler, Ferry,* and *Kaufman* is equally applicable to insurance coverage of private automobiles.

Mr. Bass was transported to Appellant Medical Center in his family car. Upon his arrival at the Center, he was assisted from the car by a Medical Center employee. In deposition testimony of Mr. Bass taken by the Medical Center, Mr. Bass clearly stated that he had been entirely removed from the automobile at the time of the alleged accident. Record at 49a–61a. The car was sitting passively at the curb. Mr. Bass was standing free of the auto and was being assisted toward a wheelchair by the Medical Center orderly. Unlike the facts of *Wheeler,* once Mr. Bass was removed from the vehicle, it was no longer used in transporting him into the hospital. There simply was no connection between Mr. Bass' fall and the use of the insured auto.

The lower court did not abuse its discretion in denying appellant's petition for declaratory judgment. Accordingly, we affirm.