**AGWAY INSURANCE COMPANY,**
Appellant,

v.

**GOODVILLE MUTUAL CASUALTY;**
**Jerry Diller; Brenda Sprecher.**

No. 01–1133.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on June 13, 2002.

Filed Sept. 30, 2002.

Before ROTH, RENDELL and
ROSENN, Circuit Judges.

OPINION

ROTH, Circuit Judge.

Agway Insurance Company appeals the
Order of the United States District Court

for the Eastern District of Pennsylvania granting Summary Judgment to Goodville Mutual Casualty Company and Jerry Diller. Agway sought a declaratory judgment to determine whether its policy or that of Goodville provided coverage to Jerry Diller for claims asserted by Brenda Sprecher (the "Sprecher Action"). After the parties filed cross-motions for Summary Judgment, the District Court granted Goodville's motion and denied Agway's. As a result, the District Court held that Agway bore the obligation to defend and indemnify Diller in the Sprecher Action. Agway raises the following issues on appeal: (1) that the District Court erred in holding that Goodville is relieved of defending or indemnifying Diller under the "motor vehicle" exclusion of its farm liability policy, and (2) that the District Court erred in holding that Agway is obligated to defend and indemnify Diller under its commercial automobile insurance policy.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over appeals from a grant of summary judgment, *Dewitt v. Penn–Del Directory Corp.*, 106 F.3d 514, 520 (3d Cir. 1997), and reviews of questions of law. *American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999).

■ Diller was operating a cattle truck, which belonged to Donald Herr, to deliver a steer to a butcher shop for slaughter. The truck was insured by Agway. During unloading, the steer escaped and ran onto a local road, eventually colliding with an automobile, driven by Brenda Sprecher. The collision resulted in property damage and personal injury to Sprecher. Diller is insured by Goodville. Both Goodville and Agway denied responsibility to indemnify and defend Diller against the Sprecher Action.

Agway claims that the District Court erred in holding that Goodville was relieved of defending or indemnifying Diller under the "motor vehicle" exclusion of its Farm Personal Liability policy. The Goodville policy excluded coverage for property damage or personal injury resulting from:

> the ownership, operation, maintenance, use, occupancy, renting, loaning, entrusting, supervision, loading or *unloading* of motorized vehicles … owned or operated by or rented or loaned to an insured.

(emphasis added).

The District Court determined that, as a matter of fact, the steer escaped as the truck was being unloaded and that the Goodville policy excluded coverage for injury resulting from the unloading of a vehicle. Thus, Goodville was relieved of defending or indemnifying Diller in the Sprecher Action.

■ Agway further contends that the District Court erred in finding that Agway's. commercial automobile policy required it to defend and indemnify Diller in the Sprecher Action. The applicable provision of the Agway policy states that Agway will:

> pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

Pursuant to Pennsylvania law, to be within the scope of coverage under such a policy, the use of the vehicle must be causally connected to the injury; where a vehicle is "merely incidental" to the accident, it is not in "use" within the meaning of the policy. *State Auto. Ins. Ass'n v. Kuhfahl,* 364 Pa.Super. 230, 527 A.2d 1039, 1043–1044 (1987). Agway claims that the vehi-

cle was not in "use" within the meaning of its policy because it asserts that the vehicle was not causally connected to the injury. However, unloading a vehicle is considered a "use" of that vehicle under Pennsylvania law. *Kuhfahl,* 527 A.2d at 1043; *Presbyterian–University of Pennsylvania Medical Ctr. v. Keystone Ins. Co.,* 251 Pa.Super. 71, 380 A.2d 381, 382–383 (1977). The District Court found that Diller was still unloading the steer when it escaped. Thus, the truck delivering the steer was in "use" within the meaning of the Agway policy at the time of Sprecher's injuries and the use of the vehicle was not "merely incidental" to the resulting injury.

For the foregoing reasons, we will affirm the judgment of the District Court.