J-A09014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| PAUL FULLER, MARK CZYZYK, MICHELE CZYZYK, AND ROSE NEALON | |
| APPEAL OF: ROSE NEALON | |
| | No. 1488 MDA 2016 |

Appeal from the Order Entered August 5, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 15-CV-999

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 26, 2017**

Rose Nealon (Nealon) appeals from the order entered on August 5, 2016, in the Court of Common Pleas of Lackawanna County, granting summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm), in the declaratory judgment action filed by State Farm.[1]  State Farm sought declaratory relief based on its position that the insured vehicle, in which Nealon was a passenger at the time of the accident, was being operated by Paul Fuller (Fuller) without the permission

_____

[1] Prior to August 5, 2016, a default judgment had been entered against Fuller. **See** Order, 3/15/2016.  Nealon, the plaintiff in the underlying tort action, is the sole appellant.

of the insured owner, Michelle Czyzyk. In this timely appeal, Nealon claims the trial court erred in granting summary judgment: (1) while there still existed genuine issues of material dispute, (2) where the trial court lacked jurisdiction in that no controversy existed regarding the insurance policy, and (3) where the trial court did not apply consistently prior orders regarding the existence of genuine issues of material dispute. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

This declaratory judgment action arises from the underlying personal injury action, regarding an automobile accident, filed by Rose Nealon against Paul Fuller, Michele Czyzyk and her brother, Mark Czyzyk.[2] The facts giving rise to these actions are more fully discussed below.

Our scope and standard of review for an order granting summary judgment is well settled.

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden

---

[2] The trial court consolidated the personal injury action and the declaratory judgment action for pretrial purposes only. *See* Order, 4/4/2016.

of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Byoung Suk An v. Victoria Fire and Cas. Co.***, 113 A.3d 1283, 1287-88 (Pa. Super. 2015) (citation omitted).

Because Nealon's second claim addresses an issue of jurisdiction, we will review it first. Nealon argues this declaratory judgment action seeks an advisory opinion in that there has been no determination of negligence, therefore it is speculation that the State Farm automobile insurance policy will be required to indemnify anyone. This argument is unavailing.

The long-standing rule has been that declaratory judgments are not obtainable as a matter of right. Whether the lower court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. ***Clark, Inc. V. Township of Hamilton***, 128 Pa.Commw. 31, 38, 562 A.2d 965, 968-969 (1989), *citing* ***State Farm Mut. Ins. Co. v. Semple***, 407 Pa. 572, 180 A.2d 925 (1962); ***Smith v. County of York***, 37 Pa.Commw. 47, 388 A.2d 1149 (1978), *cert. denied,* 441 U.S. 908, 99 S.Ct. 1999, 60 L.Ed.2d 377 (1979); ***Presbyterian-University of Pennsylvania Medical Center v. Keystone Ins. Co.***, 251 Pa. Super. 71, 380 A.2d 381 (1977). ***See also***, ***State Automobile Insurance Association v. Kuhfahl***, 364 Pa. Super. 230, 233, 527 A.2d 1039, 1040 (1987), *appeal denied,* 517 Pa. 618, 538 A.2d 500 (1988).

In Pennsylvania, *declaratory relief is unavailable when it is sought merely in anticipation of an action at law by another party.* ***Commonwealth, Department of General Services v. Frank Brisco, Co.***, 502 Pa. 449, 458-459, 466 A.2d 1336, 1340-1341 (1983); ***Penox Technologies, Inc. v. Foster***

*Medical Corp.*, 376 Pa. Super. 450, 454, 546 A.2d 114, 115 (1988).

*American Nuclear Insurers v. Metropolitan Edison Co.*, 582 A.2d 390, 392 (Pa. Super. 1990) (footnote omitted) (italics added).

Nealon has filed an action seeking indemnification from parties who are alleged insureds under the State Farm automobile insurance policy. Not only is indemnification at issue, but State Farm might also be required to provide a defense in the personal injury action. Clearly, this declaratory judgment action was not filed in mere anticipation of another action.

We are also informed by Justice Saylor's explanation of the purpose of the Declaratory Judgment Act in his dissenting opinion in *Nationwide Mutual Insurance Company v. Wickett*, 763 A.2d 813 (Pa. 2000). "Moreover, the primary and direct purpose of the Declaratory Judgments Act, a version of the Uniform Declaratory Judgments Act, was to authorize courts to grant declaratory relief in the face of objections that such relief represented the giving of advisory opinions rather than the adjudication of controversies." *Wickett*, 763 A.2d at 819 (Saylor, J. dissenting). Accordingly, we conclude that a situation as is instantly present, where an insurance company seeks a determination of the applicability of its policy to a matter in litigation, does not concern an advisory opinion. Accordingly, the trial court had jurisdiction to entertain this matter and to rule on State Farm's motion for summary judgment. Nealon is not entitled to relief on this issue.

Next, we address Nealon's substantive claim that the trial court erred in granting summary judgment where there remained open genuine issues of material dispute. The general facts as related by the trial court in its Pa.R.A.P. 1925 (a) opinion are as follows:

Rose Nealon avers that on August 2, 2012, she was a passenger in a 2002 Kia Sportage owned by Michele and Mark Czyzyk, a brother and sister, and driven by Paul Fuller. Nealon says that Fuller was "under the influence of illegal narcotics, prescriptions [sic] drugs and/or alcohol," and ultimately "lost control of the vehicle and struck a parked car." She further alleges that the Czyzyks allowed Fuller access to the Kia Sportage when they knew or should have known that he was intoxicated. As a result of the accident, Nealon sustained injuries including left tibial and fibulal fractures, a right forearm injury, a head contusion, and left leg pain. On November 25, 2012, she filed a Complaint advancing claims of negligence against Fuller, negligent entrustment against Defendants Czyzyk, and breach of contract against the vehicle's insurer, State Farm Mutual Automobile Insurance Company, with regard to uninsured and underinsured motorist insurance coverage.

On January 27, 2015, State Farm initiated a separate declaratory judgment action, originally docketed at 2015-CV-999, against Fuller, Mark Czyzyk, and Nealon. In that action, State Farm avers that "any and all claims that may be asserted against [Fuller and Mark Czyzyk] are excluded from coverage and/or are not entitled to coverage" under the provisions of the underinsurance policy between State Farm and its insured, Michele Czyzyk, because these Defendants are not "named insureds" under the policy, as required by its language. On Fullers motion, we consolidated both matters on April 4, 2016, for pretrial purposes only.

…

State Farm contends that Fuller, Mark Czyzyk, and Nealon are excluded from coverage and/or are not entitled to coverage under Michele Czyzyk'[s] State Farm insurance policy because neither Fuller nor Czyzyk are "named insureds under said policy of insurance and are not insureds by definition under the terms

and provisions of said policy of insurance…" Critical to this argument is the assertion that Fuller "did not have permission to be driving the subject vehicle at the time of the accident."

*Id*. at 4. Trial Court Opinion, 8/4/2016, at 1-2, 4.

Also relevant to the disposition of this matter, the Kia, driven by Fuller, in which Nealon was a passenger, was owned by Michele Czyzyk. Deposition Nealon, 6/19/2014, at 69; Deposition Michele Czyzyk, 6/16/2014 at 8; Deposition Mark Czyzyk, 6/19/2014, at 11-14; Mark Czyzyk Answer to Declaratory Judgment Complaint, 9/13/2015, at ¶¶ 5, 7; Nealon Answer to Declaratory Judgment Complaint, 4/28/2015 at ¶ 7. Michele Czyzyk is the named insured on the State Farm automobile insurance policy at issue. Mark Czyzyk Answer to Declaratory Judgment Complaint at ¶ 7; Nealon Answer to Declaratory Judgment Complaint at ¶ 7.[3] Mark Czyzyk gave permission to Paul Fuller to drive the Kia prior to the accident.[4] Deposition Nealon, at 43; Deposition Fuller, 2/18/2015, at 18.[5] Michele Czyzyk gave her brother, Mark, permission to drive the Kia to run short errands.

_____

[3] Although the declarations page for the State Farm automobile insurance policy at issue is referenced in the certified record, the declarations page itself has not been made part of the certified record. We find no dispute to the fact that Michele Czyzyk is the named insured on that policy.

[4] Mark Czyzyk denied giving Fuller permission to drive the Kia. However, because of the posture of this appeal, we view any disputed evidence in the light most favorable to Nealon, as the non-moving party.

[5] Fuller testified Nealon told him that Mark Czyzyk had given him permission to drive the Kia.

Deposition Michele Czyzyk, at 20-23; Deposition Mark Czyzyk, at 13.  There is no evidence of record indicating Michele Czyzyk gave her brother permission to allow any other person to drive the Kia.

The central and dispositive issue in this matter is whether Fuller was a permissive driver of the Kia.  If he was, then under the definitions provided in the insurance policy, he was an insured and State Farm would be required to defend Mark Czyzyk and Paul Fuller, and might be required to indemnify them regarding Nealon's claimed injuries.  **See** State Farm Policy, Liability Coverage, Additional Definitions, at 7, ¶ 3.

Relevant definitions from the State Farm automobile insurance policy are:

> *Your* means the named insured or named insureds on the Declarations Page.
>
> …
>
> *Insured* means:
>
> …
>   3. any other person for his or her use of:
>     a. your car
> Such vehicle must be used within the scope of *your* consent.

State Farm automobile insurance policy at 6-7 (italics in original).

The law in Pennsylvania regarding permissive use is:

> Whether a user of an automobile has the permission necessary to elevate that user to the status of an additional insured depends upon the facts and circumstances of each case in light of the underlying policy language. **See e.g. Federal Kemper ins. Co. v. Neary**, **supra**, 366 Pa.Super. at 139, 530 A.2d at 931. The owner's permission to use an automobile may either be expressed or implied. **Id.** "Implied permission may arise from the relationship of the parties or by virtue of a course of conduct

- 7 -

in which the parties have mutually acquiesced." *Id*. at 140-41, 530 A.2d at 931 (*citing* ***Brower v. Employers' Liability Assurance Co. Ltd.***, *supra*, 318 Pa. at 444, 177 A. at 828; ***Esmond v. Liscio***, *supra*, 209 Pa. Super at 206, 224 A.2d at 796). "However, 'permission' requires something more than mere sufferance or tolerance without taking steps to prevent the use of the automobile, *and permission cannot be implied from possession and use of the automobile without the knowledge of the named insured.*" ***St. Farm Mut. Ins. Co. v. Judge***, *supra*, 405 Pa. Super. at 381, 592 A.2d at 714; ***Federal Kemper Ins. Co. v. Neary***, *supra*, 366 Pa. Super. at 140, 530 A.2d at 931 (quoting Blashfield, *Automobile Law and Practice,* § 315.10 at 608) (emphasis added).

Our focus, then, is not directed to the actions of the ultimate user of the auto, but rather, "whether the *named insured* said or did something that warranted the belief that the ensuing use was with his consent. There must be 'a connection made' with the named insured's own conduct; [mere] proof of 'acts, circumstances, and facts, such as continued use of the car,' will be insufficient 'unless they attach themselves in some way to the acts' of the named insured." ***Id.; Belas v. Melanovich***, 247 Pa. Super. 313, 324, 372 A.2d 478, 484 (1977) (*quoting* ***Beatty v. Hoff***, 382 Pa. 173, 177, 114 A.2d 173, 174 (1955)) (emphasis added).

***Nationwide Mutual Insurance Company v. Cummings***, 652 A.2d 1338, 1344-45 (Pa. Super. 1994).

Accordingly, under the definitions found in the State Farm policy, as applied by ***Cummings***, Fuller could be considered a permissive user if Michele Czyzyk, the owner of the car and the named insured on the policy, did something that warranted Fuller's belief that she consented to his use of her car.

Viewing the evidence in the light most favorable to Nealon, we must accept that Mark Czyzyk gave Fuller permission to use the car. However,

the evidence also shows that Mark Czyzyk was not the owner/named insured of the Kia. Both the State Farm automobile insurance policy and case law require valid permission come from the named insured, either directly or by implication. Therefore, in order for Fuller to be considered a permissive user of the car, there must be additional evidence that Michele Czyzyk, the named insured, gave her brother permission to loan the car to other people. In light of the evidentiary record, there are no disputed facts to prevent the determination, as a matter of law, whether Michele Czyzyk gave her brother, Mark, permission to loan her car to any other person. While the record is clear that Michele granted her brother permission to use the car himself, the certified record is bereft of evidence that such permission included granting Mark the right to allow any other person to use the car. Accordingly, Fuller was not a permissive user of Michele Czyzyk's Kia and he is not entitled to coverage under the State Farm automobile insurance policy.[6]

In her final claim, Nealon argues the trial court's orders of July 22, 2016, and August 5, 2016 inconsistently ruled on whether any genuine issues of material fact remained open. This argument misapprehends the scope and subject matter of the two orders. Therefore, this argument is without merit.

---

[6] It does not appear that Nealon argues that she is independently entitled to any coverage under the State Farm automobile insurance policy. Such a claim would also fail, as passengers in a car being operated without permission are also excluded from coverage. *See Cummings*, *supra*.

On July 22, 2016, the trial court granted Michele Czyzyk's motion for summary judgment in the underlying tort action filed by Nealon and denied Mark Czyzyk's similar motion. Essentially, the order determined there were no facts of record that allowed a finding of negligence against Michele Czyzyk, but there was still an open factual question whether Mark Czyzyk had negligently allowed Fuller the use of the Kia. As noted above, in the declaratory judgment action, the only relevant question was that of Michele Czyzyk's permission, not Mark's. Accordingly, the open question of Mark Czyzyk's negligence in the tort action does not conflict with any aspect of the trial court's ruling in the declaratory judgment action. Therefore, Nealon is not entitled to relief on this claim.

Having found no abuse of discretion or error of law on the part of the trial court in granting State Farm declaratory relief, Nealon cannot prevail in this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2017

- 10 -