396 A.2d 3

**Paul DAY**

v.

**STATE FARM MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided Dec. 14, 1978.

James J. McCabe, Jr., Philadelphia, for appellant.

Jerome M. Dubyn, Philadelphia, for appellee.

Before VAN der VOORT, WATKINS and MONTGOM-ERY, JJ.

MONTGOMERY, Judge:

In this action of assumpsit brought on the uninsured motorist provision of a policy of automobile insurance written by the appellant and issued to the appellee, an arbitrator acting under the provisions of the Arbitration Act of 1927, 5 P.S. 161 et seq. made a finding in favor of the appellant, State Farm Insurance Company. (State Farm).

On the petition of the appellee, Day, to the Court of Common Pleas of Philadelphia County to modify, correct and/or vacate the arbitrator's award, that court, by the Honorable Stanley Greenberg, after argument, but without taking additional testimony, vacated the award of the arbitrator and entered judgment in favor of Day and against State Farm in the sum of $8500.00.

The incident out of which Day's alleged injury, a broken ankle, was sustained occurred on February 6, 1974 on a grass plot between the northbound and southbound lanes of the Roosevelt Boulevard in the City of Philadelphia. Prior to the incident, Day had been driving his automobile in one of six northbound lanes when he was involved in a collision with a truck operated by Jimmie Williams, who was also driving northbound. Immediately following the collision, both drivers pulled over to the curb and stopped. They then alighted from their vehicles, and engaged in an argument which resulted in a fist fight in which Day's brother, Roland, who had been a passenger in the car, may have participated.

Jimmie Williams was driving a leased vehicle covered by insurance written by the Pennsylvania Manufacturer's Insurance Company which denied liability under its policy for the reason that Day's injury was intentionally inflicted. Consequently, Day brought suit against his carrier, the appellant herein.

We are of the opinion the lower court erred in vacating the arbitrator's award in State Farm's favor, and that its action must be reversed and the arbitrator's award reinstated. In light of this conclusion, it will be unnecessary to consider whether the lower court also erred in determining the amount of damages suffered by Day.

The provision of the policy with which we are concerned reads as follows:

> "[State Farm agrees to] pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle.—".

It is clear the Uninsured Motorist Act [1] was intended to provide for recovery by an insured only those damages which he would have received had the uninsured motorist maintained liability insurance. This has been recognized by this court in *Bankes v. State Farm Mutual Auto. Ins. Co.*, 216 Pa.Super. 162, 264 A.2d 197 (1970).

The real issue in this case involves the instrumentality used to cause the injury, not whether it was intentionally or accidentally inflicted. Automobile insurance, including uninsured motorist provisions, are designed to compensate victims for vehicle-caused injuries. There must be some connection between the harm done and the insured vehicle. See *Wheeler et al. v. London Guarantee & Accident Co.*, 292 Pa. 156, 140 A. 855 (1928), *Ferry v. Protective Indemnity Company of New York*, 155 Pa.Super. 266, 38 A.2d 493 (1944), *Presbyterian University of Pennsylvania Medical Center v. Keystone Insurance Co. and Willie Bass*, 251 Pa.Super. 71, 380 A.2d 381 (1977). The vehicle itself is covered by the automobile policy, and an individual is covered only by nature of his function as the driver of that

1. Act of August 14, 1963, P.L. 909, § 1 as amended December 19, 1968, P.L. 1254, No. 397, § 1, effective January 1, 1969; 40 P.S. 2000.

vehicle. The intent of the driver becomes relevant only after a determination is made that the injury complained of was caused by the vehicle. This is, in fact, the meaning of the language "arising out of the ownership, maintenance or use of such uninsured motor vehicle," contained in the State Farm policy.

In the instant case, Day's broken ankle was caused by Williams knocking him down with his fists, not with his truck. In point of fact, no injury was caused by the collision of the two vehicles in question. Williams was clearly not behaving as a motorist at the time of his assault on Day.

Day could not have recovered from Williams' automobile carrier for the type of injury he received in the fight, and he is also precluded from recovering from his own carrier, State Farm, under the terms of the Uninsured Motorist provision of his policy. The injury sustained was simply not within the scope and terms of that policy.

The judgment in Day's favor entered by the lower court is reversed, his petition to modify, correct and/or vacate the arbitrator's award is dismissed, and the arbitrator's award in favor of State Farm Insurance Company is reinstated.