**PRUDENTIAL PROPERTY AND CASU-ALTY INSURANCE COMPANY**

v.

**Gabriel PONT.**

**Civ. A. No. 78-3331.**

United States District Court, E. D. Pennsylvania.

June 22, 1979.

---

Daniel T. McWilliams, McWilliams & Sweeney, Philadelphia, Pa., for plaintiff.

Marvin H. Donsky, Master, Donsky & Soffian, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Cross-motions for summary judgment have been filed. The action seeks a declaratory judgment as to the rights of the parties under an "uninsured motorist" clause of an insurance policy issued by the plaintiff. Gabriel Pont was the occupant of a car that had been insured by plaintiff. He was injured when the car had a collision with another car operated by Ruth A. Joell. Ms. Joell's car carried liability insurance through GEICO for the Pennsylvania statutorily mandated minimum sum of $15,-000.00. Defendant, Gabriel Pont settled with Ruth A. Joell and GEICO by collecting the full $15,000 from GEICO. Defendant then claimed against the plaintiff, Prudential Property and Casualty Insurance Company (Prudential), for the maximum coverage of $15,000 that Prudential's policy provided to the car in which he was an occupant under the "uninsured motorist" clause. Upon Prudential's denial of coverage, defendant demanded arbitration, claiming such right under the policy. This action ensued to determine the rights between Prudential and the occupant of the car, Gabriel Pont. The collision occurred in Pennsylvania, and Pennsylvania law controls.

Preliminarily, a jurisdictional issue was raised by defendant, a Pennsylvania citizen, claiming lack of diversity by asserting that Prudential's principal place of business is in Pennsylvania. Plaintiff has filed an uncontested affidavit together with a copy of its certificate of incorporation, showing that its State of Incorporation and principal place of business is New Jersey. There is diversity jurisdiction.

The issues raised were addressed in the memorandum and order of February 14, 1979 denying defendant's motion to dismiss. Plaintiff contends that Ruth A. Joell, having the required $15,000 minimum liability coverage was not an uninsured motorist under Prudential's policy. Defendant, in substance, contends that (a) the uninsured motorists clause should be construed to mean "underinsured motorist" and (b) in any event, he is entitled to have the issue finally decided, whether rightly or wrongly, by arbitration.

Neither party has suggested that there is any factual issue in dispute. I conclude

that plaintiff is entitled to summary judgment.

■ The car that was operated by Ruth A. Joell carried liability insurance in the limit of $15,000 for bodily injury to any one person. Under the Pennsylvania No-fault Motor Vehicle Act, vehicles are required to be insured to pay up to a limit of $15,000 for personal injuries to any one person in any accident in which the operator is legally liable to the injured person. 40 P.S. § 1009.104. This amount of insurance was recovered by Gabriel Pont. Pennsylvania law also requires that all automobile liability insurance policies contain an "uninsured motorist" provision for "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury." 40 P.S. § 2000(a). The Prudential policy had such a clause, providing $15,000 coverage for injury to any one person. The basic question is whether Ruth A. Joell was an "uninsured motorist" despite the fact that her car carried the required minimum liability coverage, which was paid in full to the injured party.

The policy expressly provides that the uninsured motorist clause will be applicable, only when the injured party cannot recover from the person legally liable because such person either has no liability insurance or has less than the amount required by the state's financial responsibility law:

> If you've paid for this coverage (see the Declarations Page), we'll pay persons insured under this part the amount they should have collected as damages for bodily injury from the person or organization responsible for the car accident in which they are injured, but only when they could not collect because:

> > The person or organization responsible for the accident has no liability insurance or has inadequate (less than the amount required by your state's financial responsibility law) liability insurance coverage at the time of the accident.

Although insurance policies are generally liberally construed in favor of the insured, it seems impossible to contend with logic that the clause could be applied so as to provide for coverage for Gabriel Pont. Ruth A. Joell's vehicle was not uninsured for liability nor was the $15,000 inadequate in the sense of being less than the mandated minimum amount under Pennsylvania law. There is no contention that the policy clause in any way failed to conform with the requirements of Pennsylvania law. As Justice Roberts stated in his concurring opinion in *Pattani v. Keystone Insurance Co.*, 426 Pa. 332, 339, 231 A.2d 402, 405 (1967):

> I join in the majority opinion, but I wish to add that the result reached therein is, in my view, mandated not only by the contract provisions of this specific policy but also by the Uninsured Motor Vehicles Statute, Act of August 14, 1963, P.L. 909, 40 P.S. § 2000. An uninsured motorist is one who is without effective insurance coverage and is thus incapable of satisfying the minimum liability imposed by the Legislature.

Although counsel have cited no Pennsylvania Supreme Court case directly on point, many other courts from other states and federal courts have construed similar uninsured motorist clauses. The great weight of authority is that "uninsured" does not mean "underinsured" provided the liability coverage meets the state's minimum requirements. See plaintiff's brief pages 4 through 7 for citations.

The major thrust of defendant's argument is not that substantively he is entitled to coverage under Prudential's uninsured motorist clause, but rather that the matter must be determined by arbitration. It would appear that what defendant really hopes is that, even though under the law defendant is not entitled to recover, the arbitrators will, nevertheless, rule in his favor, and such a ruling will either be unappealable, or if appealable, may be sustained. Nonetheless, defendant's argument seeking arbitration requires close analysis.

The policy, under the heading, "Uninsured Motorist Arbitration—PAC 275" provides, in part:

The actual amount we'll pay under this part of the policy will be determined by agreement between the insured person and us. If no agreement can be reached, the matter will be submitted for arbitration according to the provisions of the Pennsylvania Arbitration Act of 1927. Upon written demand of either party, each party will select an arbitrator. If the two arbitrators can't agree on a third arbitrator within 30 days, at the request of either party, the court will appoint a third arbitrator. Within a reasonable time after selection of the third arbitrator, the arbitrators will decide the matter in question. The decision in writing of any two of the three arbitrators will be binding on both parties. . . .

Defendant contends that Pennsylvania case law requires all questions, both as to amount and as to coverage under the uninsured motorist clause to be submitted to arbitration.

The policy as originally written for Pennsylvania owners provided for arbitration of uninsured motorist claims, as follows:

Whether or not a claim is payable and the actual amount we'll pay under this part will be determined by agreement between the insured person and us. If no agreement can be reached, upon written demand of either party, the matter will be submitted for arbitration according to the rules of the American Arbitration Association. Both we and the injured person agree to be bound by the decision of the arbitrators.

The policy actually utilized contained revised language, approved by Pennsylvania authorities, entitled as an "easy reading family auto policy," as follows:

The actual amount we'll pay under this part of the policy will be determined by agreement between the insured person and us. If no agreement can be reached, the matter will be submitted for arbitration according to the provisions of the Pennsylvania Arbitration Act of 1927.

. . . .

A direct reading of the revised language shows two changes. First, the phrase "whether or not a claim is payable" is eliminated. Second, arbitration is to proceed under the Pennsylvania Arbitration Act of 1927, instead of common law arbitration.

■ The terms of the insurance policy control what issues are to be decided by arbitration and the procedures to be utilized. Either or both liability and damages may be arbitrable. Arbitration may be at common-law or under the statute. In *National Grange Mutual Insurance Company v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968), the Court held that an uninsured motorist clause providing for arbitration to determine "whether the insured * * * is legally entitled to recover such damages, and if so the amount thereof "required arbitration of both liability and damages. Significantly, at pages 185, 186, 236 A.2d at page 761 the Court stated:

Finally, the policy language is the company's and it may, if it so desires, alter that language to limit arbitration to only those issues it desires to be arbitrable,

. . . . .

The Pennsylvania Supreme Court expressly stated that statutory arbitration in preference to common law arbitration was appropriate for uninsured motorist clause disputes. *Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 116, fn. 6, 299 A.2d 585, 589, fn. 6 (1973):

It is always open to contracting parties to provide for statutory, rather than common law, arbitration where the grounds for review are much broader than is the case instantly.

In *Day v. State Farm Mutual Insurance Co.*, 261 Pa.Super. 216, 396 A.2d 3 (1978), the Superior Court reviewed an arbitration decision rendered under the Arbitration Act of 1927, as to an uninsured motorist, without questioning the right to such arbitration procedure.

Both counsel are in accord that there is no Pennsylvania Supreme Court decision that controls the facts of this case. There

has been a strong tendency of the Pennsylvania courts to give full effect to arbitration clauses and to uphold arbitration awards made under common law arbitration, even when the ultimate decision is clearly unsatisfactory to the Court. *Runewicz v. Keystone Insurance Company*, 476 Pa. 456, 383 A.2d 189 (1978) is an example. In that case, common law arbitration with its limited scope of review was upheld. Although factually analogous to the present case as to whether the other vehicle was "uninsured" or "underinsured," the arbitration clause provided for arbitration "as to whether the insured was entitled to recover, or, if so, how much." *Id.* 383 A.2d 191.

■ Two cases decided by the Court of Common Pleas of Philadelphia County, in which petitions to compel arbitration were denied, lend support to the conclusion that plaintiff is entitled to declaration that the matter is not subject to arbitration. The first case is *Mapp v. Nationwide Insurance Company*, Civil Action 5368, May Term, 1978, decided by Judge Klein.[1] The later case, *Stephen v. Nationwide Insurance Company*, 2 P.C.R. 129, was decided by Judge Gelfand, March 1, 1979.[2] In both cases the court held that where there was the statutorily required minimum liability insurance coverage on the vehicle responsible for the accident, the uninsured motorist provision of the second vehicle would not be operative, and, therefore, the insurer could not be compelled to name an arbitrator. I find both cases logically persuasive, and although not binding on this court, they are closely analogous to the present case and predictive as to the decision that the State Supreme Court would render if faced with the issue. Neither case noted whether the arbitration clause provided for a determination of both liability and amount, or, as in this case, solely amount. Likewise, neither opinion mentioned whether the arbitration procedure would be under the statute or by common law. Logically therefore, neither

factor is critical. The conclusions reached by Judges Klein and Gelfand are sound and practical. Following the reasoning of those cases, suggests that a declaratory judgment should be rendered in this case in favor of the plaintiff.

---

1. A copy of the opinion is attached as Exhibit "C" to plaintiff's answer to the motion to dismiss.

2. A copy of the opinion is attached as Exhibit "A" to plaintiff's response to defendant's cross-motion for summary judgment.