451 A.2d 1024

ERIE INSURANCE EXCHANGE

v.

David EISENHUTH

v.

James V. McCUMMINS and Dorothy A. McCummins,
Appellants.

James V. McCUMMINS and Dorothy McCummins, his
wife, Appellants,

v.

David EISENHUTH and Erie Insurance Exchange

v.

CITY OF NEW CASTLE and Ernest Crawford.

James V. McCUMMINS and Dorothy A. McCummins, his
wife, Appellants,

v.

ERIE INSURANCE GROUP, Erie Insurance Company.

ERIE INSURANCE EXCHANGE

v.

David EISENHUTH and James V. McCummins, and Dorothy
A. McCummins, Appellants.

ERIE INSURANCE EXCHANGE

v.

David EISENHUTH, Appellant,

v.

James V. McCUMMINS and Dorothy A. McCummins.

Superior Court of Pennsylvania.

Argued March 18, 1981.

Filed Oct. 15, 1982.

Petition for Allowance of Appeal Denied March 4, 1983.

Dominick Motto, New Castle, for McCummins, appellants and appellees.

Phillip L. Clark, Jr., Ellwood City, for Eisenhuth, appellant and appellee.

Charles Garbett, Ellwood City, for Erie Ins., appellee.

Before PRICE, BROSKY and MONTEMURO, JJ.

BROSKY, Judge:

The issue we decide today is whether a no-fault insurance policy covers injuries suffered by a passenger in an automobile who is shot by a policeman during his pursuit of the driver. We agree with the lower court's conclusion that the

policy does not apply to this situation and therefore affirm the orders before us for review.

Appellant McCummins was a passenger in an automobile driven by appellant Eisenhuth. In a complaint filed against Mr. Eisenhuth and appellee Erie Insurance Exchange, Mr. McCummins avers the following facts.

On December 12, 1976, while Mr. McCummins was a passenger in the Eisenhuths' vehicle, Mr. Eisenhuth stopped at a gasoline station and obtained gasoline. However, Mr. Eisenhuth drove away from the station without paying for the gasoline. Sometime later, the Eisenhuth vehicle was spotted by a police officer who, by use of the police car's lights and horn, ordered the vehicle to stop. Mr. Eisenhuth did not stop, but rather sped away, eventually skidding into a ditch. The police officer approached the automobile while it was still in the ditch at which time Mr. Eisenhuth drove the vehicle intentionally, wilfully and recklessly toward the officer. At that time the officer lept onto the hood of the vehicle to avoid being struck by it and fired shots into the car, wounding Mr. McCummins.

Appellant McCummins brought suit against Mr. Eisenhuth and appellee Erie Insurance Exchange, as Mr. Eisenhuth's insurer. Erie Insurance then sought declaratory judgment as to its duty to defend and indemnify Eisenhuth. It also sought judgment on the pleadings in the suit instituted by Mr. McCummins.

This appeal followed the entry of orders granting the relief requested by Erie.

On appeal, we are asked to determine whether the incident arose out of the maintenance or use of a motor vehicle; whether Mr. McCummins sought recovery for intentionally caused injuries, thereby relieving Erie of liability; whether Mr. McCummins' action against Erie is barred by the statute of limitations; and whether the grant or denial of no-fault benefits in this case would violate public policy. Because we have determined that Mr. McCummins' injuries did not arise out of the use or maintenance of a motor vehicle, we need not reach the other questions.

The policy issued by Erie to Mr. Eisenhuth imposes upon the company the duty to pay damages arising out of the ownership, maintenance or use of an automobile and to defend suits alleging such damages.

Similarly, the Pennsylvania No-Fault Motor Vehicle Insurance Act [1] defines the "victim" who is entitled to recover no-fault benefits as an individual who suffers injury arising out of the maintenance or use of a motor vehicle. 40 Pa.C.S. § 1009.103.

■ It is clear that there must be some causative factor between the use or maintenance of the vehicle and the injuries sustained in order for one to become a "victim" within the scope of the no-fault act.

Appellants remind us that the connection between the harm done and the vehicle need not rise to the level of proximate causation. See *Manufacturers Casualty Insurance Company v. Goodville Mutual Casualty Company,* 403 Pa. 603, 170 A.2d 571 (1961), in which the Supreme Court held that "but for" causation is enough to satisfy the "arising out of" language.

■ We believe, however, that even the "but for" standard is not met in this case. Mr. McCummins' injuries were not caused by the operation of the vehicle. As the court explained in *Manufacturer Casualty,* supra, 403 Pa. 607, 170 A.2d at 573, "construed strictly against the insurer, 'arising out of' means causally connected with, not proximately caused by." The cause of Mr. McCummins' injuries was a gunshot, not his being a passenger in Mr. Eisenhuth's automobile.

In *Day v. State Farm Mutual Insurance Company,* 261 Pa.Super. 216, 396 A.2d 3 (1979), two vehicles collided. The drivers alighted and a fist fight ensued. One of the drivers was apparently injured and sought recovery from the others,

1. Act of July 19, 1974, P.L. 489, No. 176; 40 Pa.C.S. § 1009.101 et seq.

whose insurance company denied liability. We found the insurer not liable on the grounds that the injury suffered did not arise out of the use or maintenance of a motor vehicle. We wrote:

> The real issue in this case involves the instrumentality used to cause the injury, not whether it was intentionally or accidentally inflicted. Automobile insurance, including uninsured motorist provision, are designed to compensate victims for vehicle-caused injuries. There must be some connection between the harm done and the insured vehicle. See *Wheeler et al. v. London Guarantee & Accident Co.,* 292 Pa. 156, 140 A. 855 (1928), *Ferry v. Protective Indemnity Company of New York,* 155 Pa.Super. 266, 38 A.2d 493 (1944), *Presbyterian University of Pennsylvania Medical Center v. Keystone Insurance Co. and Willie Bass,* 251 Pa.Super. 71, 380 A.2d 381 (1977). The vehicle itself is covered by the automobile policy, and an individual is covered only by nature of his function as the driver of that vehicle. The intent of the driver becomes relevant only after a determination is made that the injury complained of was caused by the vehicle. This is, in fact, the meaning of the language "arising out of the ownership, maintenance or use of such uninsured motor vehicle," contained in the State Farm policy.

In *Day,* the fight which caused the subject injuries would not have occurred "but for" the accident. Nonetheless, we said that the injuries did not themselves result from the accident.

Similarly, although it might be argued that Mr. McCummins might not have been shot but for his being in the Eisenhuth vehicle, it was not that vehicle or its use that caused his injuries. He happened to be situated in the vehicle when he was shot, but there was not a causal connection between its use and his injuries. As in *Day,* although the use made of the vehicle prior to the incident in question may have precipitated the action which did harm

appellant Mr. McCummins,[2] it did not itself cause the injuries.

Order affirmed.

**2.** We are aware that the Common Pleas Court of Luzerne County reached a different conclusion in a similar factual situation. See *Howe v. Harleysville Insurance Companies,* 7 D & C 3rd 214 (1978), but we are compelled to reject that court's reasoning in this case.