459 A.2d 412

**Charles James HOWE**

v.

**HARLEYSVILLE INSURANCE COMPANIES, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1983.

Filed April 22, 1983.

Alexander Kerr, Harleysville, for appellant.

Joseph F. Saporito, Pittston, for appellee.

Before BROSKY, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

Is a motor vehicle occupant who sustains injuries when struck by a hunter's errant bullet entitled to benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act?[1] The trial court held that such an injury was included within the Act's protection, entered judgment in the amount of

---

1. Act of July 19, 1974, P.L. 489, No. 176, § 101 et seq., 40 P.S. § 1009.101 et seq. (Hereinafter referred to as the No-fault Act.)

$1,957.92, and awarded attorney's fees in the amount of $800.00. We reverse.

The facts are not in dispute. On December 4, 1976, Charles James Howe was a passenger in a jeep owned and operated by his father, James B. Howe, Jr. The vehicle was insured by Harleysville Mutual Insurance Co., Inc.[2] Howe sustained injury when a hunter mistakenly believed the jeep was a deer and shot at it. His aim was better than his judgment. The bullet pierced the door of the jeep and lodged in Howe's leg. Howe sought benefits under the No-fault Act. When his claim was denied by Harleysville, he commenced an action in assumpsit. When the case was heard without a jury, the parties stipulated the facts. The court ruled in favor of Howe; Harleysville's exceptions were denied by the court en banc; and judgment was entered. This appeal followed.

Basic loss benefits under the No-fault Act are available to "an individual who suffers injury arising out of the maintenance or use of a motor vehicle." 40 P.S. §§ 1009.201, 1009.103. The focus of our inquiry, therefore, is whether appellee's injuries arose out of the use of an automobile. We have recently considered this issue in several factually analogous cases and have concluded that "while the causal connection need not rise to the level of proximate causation, for purposes of coverage under the No-fault Act there must be some connection, more than mere chance or happenstance, between the injuries sustained and the insured vehicle." *Schweitzer v. Aetna Life and Casualty Co.*, 306 Pa.Super. 300, 303, 452 A.2d 735, 737 (1982). See also: *Erie Insurance Exchange v. Eisenhuth*, 305 Pa.Super. 571, 451 A.2d 1024 (1982); *Rife v. State Farm Mutual Automobile Insurance Co.*, 304 Pa.Super. 359, 450 A.2d 720 (1982). The legislative scheme contained in the No-fault Act is to provide, at reasonable cost, a

2. Howe's action named "Harleysville Insurance Companies" as defendant. The proper party defendant is Harleysville Mutual Insurance Co., Inc. Neither the caption of the action nor appellee's designation has been contested.

statewide system of protection and compensation for individuals injured as a result of motor vehicle accidents, irrespective of fault. This purpose cannot reasonably be construed to encompass protection for injuries which are totally unconnected with an insured vehicle or so remotely connected therewith that the role of the vehicle has been merely incidental.

In *Schweitzer v. Aetna Life and Casualty Co., supra,* the plaintiff sustained injuries when she was pulled from her vehicle and assaulted by the operator of a motorcycle. She contended that her injuries, although intentionally inflicted by a third party, arose from the use or maintenance of a motor vehicle and that she was, therefore, a "victim" within the meaning of the No-fault Act. This court disagreed, stating that "[a]n unprovoked, intentional physical assault upon the driver of an automobile is not within the scope of the protection contemplated by the legislature, which provided that an individual so injured should seek recourse in a common law tort action." *Id.*, 306 Pa.Superior at 303–04, 452 A.2d at 737.

In *Erie Insurance Exchange v. Eisenhuth, supra,* the injured appellant had been a passenger in a motor vehicle being pursued by a police officer because the driver had failed to pay for gasoline. When the pursued vehicle skidded into a ditch, the officer approached it on foot. The moving vehicle in which the appellant was a passenger pulled out of the ditch and drove toward the officer. To avoid being struck, the officer leaped onto the hood of the moving vehicle and fired several shots into the car, one of which struck and wounded the appellant. A panel of the Superior Court concluded that the injuries sustained had not arisen from the use or maintenance of an automobile. "It is clear that there must be some causative factor between the use or maintenance of the vehicle and the injuries sustained in order for one to become a 'victim' within the scope of the no-fault act.... [T]he connection between the harm done and the vehicle need not rise to the level of proximate causation.... [However,] even the 'but for'

standard is not met in this case. [Appellant's] injuries were not caused by the operation of the vehicle.... The cause of [his] injuries was a gunshot, not his being a passenger in [the insured] automobile." *Id.*, 305 Pa.Superior at 574, 451 A.2d at 1025. The court concluded that although the appellant might not have been shot had he not been in the vehicle, it was not the vehicle or its use that had caused the injury. There was not an adequate causal connection between the vehicle's use and the injuries.

The factual circumstances of *Rife v. State Farm Mutual Automobile Insurance Co., supra,* also included a shooting. Rife, whose vehicle had been parked illegally at the Philadelphia International Airport, returned to his automobile just as it was being ticketed by a police officer. He protested verbally and then struck the officer. He ran to his automobile and attempted to drive away, nearly striking the officer in the process. The officer fired two shots at the vehicle to retard its movement. Rife was nonetheless able to leave the parking lot and eventually drove through a fence into a rental car parking lot. Another officer, who had been alerted to Rife's erratic behavior, motioned him to stop. When he failed to do so, the second officer fired three shots into the vehicle. One of these injured Rife's arm. Rife's action to recover no-fault benefits resulted in a summary judgment for the insurance company. The Superior Court affirmed, holding that the bullet wound did not arise from the maintenance or use of an automobile and had not been accidentally sustained. Accordingly, Rife was neither a "victim" nor "injured" within the meaning of the No-fault Act. His injury was "caused by a shot fired by [a police officer] as he was attempting to evade apprehension for the commission of a crime. Thus ... [he] sustained an injury by a force external to any vehicle involved in a collision." *Id.*, 304 Pa.Superior at 366, 450 A.2d at 724 (emphasis omitted). Such an injury, it was held, was not within the protection of the Act.

■ These decisions are controlling of the instant controversy.[3] The injury sustained by appellee was caused by a bullet. The connection between the injury and the insured vehicle was nothing more than mere chance or happenstance. We are constrained to hold, therefore, that there can be no recovery under the No-fault Act.[4]

Reversed and remanded for the entry of judgment in favor of appellant.

**3.** In *Erie Insurance Exchange v. Eisenhuth, supra,* 305 Pa.Superior at 576 n. 2, 451 A.2d at 1026 n. 2, the trial court's decision in the instant case was acknowledged and rejected as follows: "We are aware that the Common Pleas Court of Luzerne County reached a different conclusion in a similar factual situation. *See Howe v. Harleysville Insurance Companies,* 7 D & C 3rd 214 (1978), but we are compelled to reject that court's reasoning in this case."

**4.** Because of this holding, it is apparent that appellant had a reasonable basis for denying benefits and cannot properly be ordered to pay a fee to appellee's counsel. 40 P.S. § 1009.107(3). See also: *Hayes v. Erie Insurance Exchange,* 493 Pa. 150, 425 A.2d 419 (1981).