**Bakaric v. Nationwide Mutual Insurance Co.**

*Samuel L. Andes,* for plaintiff.
*William A. Addams,* for defendant.

BAYLEY, *J.,* January 19, 1984—Plaintiff instituted an action against defendant, Nationwide Mutual Insurance Company, for medical expenses and lost wages pursuant to her insurance policy issued under the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101, et seq. Plaintiff's compliant contains the following averments:

"3. On 14 June 1981, during the early morning hours, plaintiff was severely injured and wounded by a gunshot through the head while sitting as a passenger in a motor vehicle in or near Mechanicsburg, within Cumberland County, Pennsylvania.

4. At the time of her injury, plaintiff was insured under the provisions of the Pennsylvania No-Fault Automotive Insurance Law by a policy of automotive no-fault insurance issued by defendant . . ."

The complaint demands payment of medical bills and lost wages upon an averment that they were incurred "solely and directly as a result of the injuries suffered by plaintiff while occupying the motor vehicle as a passenger at the time of her injury."

Defendant has interposed a demurrer claiming that plaintiff's complaint is insufficient to state a cause of action.

The Superior Court in Howe v. Harleysville Insurance Companies, 313 Pa. Super. 65, 459 A.2d 412 (1983), denied recovery to a plaintiff who sustained injuries when a hunter, mistakenly believing that plaintiff's jeep was a deer, fired a shot which pierced the door of the jeep and lodged in his leg. The court noted:

"Basic loss benefits under the No-fault Act are available to 'an individual who suffers injury arising out of the maintenance or use of a motor vehicle.' 40 P.S. §§1009.201, 1009.203. The focus of our inquiry, therefore, is whether appellee's injuries arose out of the use of the automobile. We have recently considered this issue in several factually analogous cases and have concluded that 'while the causal connection need not rise to the level of proximate causation, for purposes of coverage under the No-fault Act there must be some connection, more than mere chance or happenstance, between the injuries sustained and the insured vehicle.' " Schweitzer v. Aetna Life and Casualty Co., 306 Pa. Super. 300, 452 A.2d 735, 737 (1982). See also; Erie Insurance Exchange v. Eisenhuth, 305 Pa. Super. 571, 451 A.2d 1024 (1982); Rife v. State Farm Mutual Automobile Insurance Co., 340 Pa. Super. 359, 450 A.2d 720 (1982).

Plaintiff's complaint indicates she was shot while occupying a motor vehicle as a passenger but fails to aver with specificity how her injuries arose out of

the use of the automobile. Plaintiff suggests we should allow her to develop through discovery the necessary causal connection between the injuries sustained and the use of the automobile. This court has recently held that unlike the Federal Rules of Civil Procedure that allow for "notice pleading," Pa.R.C.P. 1019 requires plaintiff to plead in her complaint the material facts underlying her claim. Plaintiff is not permitted to make a general charge that defendant was negligent and then hope that facts supporting that claim will come to light in the course of discovery. Keller v. 115 St. Johns, Inc., et al., 34 C.L.J. 3 (1983).

Although plaintiff's complaint fails to state a cause of action, we will allow her 20 days to file an amended complaint. If no amended complaint is filed within the required time period, we will enter a demurrer upon the motion of defendant.

## ORDER OF COURT

And now, this January, 1984, defendant's preliminary objections in the nature of a demurrer is denied. Plaintiff is given 20 days to file an amended complaint. If no amended complaint is filed within the required time period, a demurrer will be entered upon the motion of defendant.