## Kirsch v. Nationwide Insurance Co.

*Michael E. Dunlavey*, for plaintiff.
*James McDonald,* for defendant.

PFADT, *P.J.,* June 24, 1985—Defendant, Nationwide Insurance Company, files this motion for summary judgment pursuant to Pa.R.C.P. 1035. Defendant provided no-fault insurance to plaintiff and argues that, as a matter of law, plaintiff's injuries are not compensable under the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq (hereinafter the act), repealed effective October 1, 1985. For the reasons stated herein, we disagree with defendant's argument, and therefore deny defendant's motion for summary judgment.

The factual background of the case may be summarized as follows:

## FINDINGS OF FACT

1. On July 29, 1982, plaintiff Glenn J. Kirsch, his wife and four-month old daughter were traveling south on Route 36 in Jefferson County, Pa.

2. Mr. Kirsch was driving a 1978 Chevrolet Monte Carlo when, approximately seven miles south of Punzi, Pa., the vehicle was struck by a large rock falling from the sky.

3. The rock, allegedly thrown into the air as a result of an explosion at Cloe Mining Co., struck the hood of the car, then proceeded to crash through the windshield, bend the steering wheel and strike plaintiff in the head.

4. Although Mrs. Kirsch and child were unhurt, plaintiff suffered severe personal injuries.

5. As of the date of the accident, plaintiff possessed a valid no-fault insurance policy with defendant.

6. Plaintiff timely filed a no-fault claim with defendant for medical bills and lost wages totalling over $8000, which defendant refused to pay.

7. This suit was initiated on December 14, 1984.

## DISCUSSION

The sole issue for our consideration is whether plaintiff may properly be considered a "victim" of a "motor vehicle accident" and therefore eligible for benefits under the act. If so, then summary judgment may be denied.

Our analysis begins with the intended purpose of the act set forth at 40 P.S. §1009.102(b), to wit:

"It is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and survivors of deceased victims."

Looking next to the definitional section of the act, 40 P.S. §1009.103, we see that a "victim" is an "individual who suffers injury arising out of the maintenance or use of a motor vehicle." An "injury" is defined as any "accidentally sustained bodily harm"; while "maintenance or use of a motor vehicle" is defined as maintaining or using a motor vehicle as a vehicle "including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it."

Here, plaintiff accidentally sustained bodily harm as he drove his automobile along a public highway. On the surface then, it would appear that plaintiff clearly qualifies as a victim, compensable under the act. However, in construing the act's scope, appellate courts have determined:

"this [act] was never intended to be a general liability insurance which would cover all injuries, no

matter how remotely connected with the use or maintenance of a motor vehicle." Camacho v. Nationwide Insurance Co., 314 Pa. Super. 21, 23, 460 A.2d 354 (1983). Moreover, the court's position has changed from the liberal "but for" causation test, to a more conservative "causal connection" test. Glad v. State Farm Mutual Automobile Insurance Co., 336 Pa. Super. 196, 485 A.2d 499 (1984); Schweitzer v. Aetna Life and Casualty Co., 306 Pa. Super. 300, 452 A.2d 735 (1982). The court in Schweitzer explains:

". . . while the causal connection need not rise to the level of proximate causation, for purposes of coverage under the No-fault Act there must be some connection, more than mere chance or happenstance, between the injuries sustained and the insured vehicle." Schweitzer, 306 Pa. Super. at 303, 452 A.2d at 737. Defendant argues, quite obviously, that plaintiff's injuries are the result of mere chance or happenstance and thus not "arising out of the maintenance or use" of the vehicle.

Generally, the cases which find the No-fault Act inapplicable are ones in which plaintiff is injured by the criminal or intentional act of another, and the connection with the motor vehicle is purely fortuitous. See Glad, supra, (insured's husband was shot outside his vehicle fleeing from a third party); Camacho, supra, (plaintiff injured when occupant of another vehicle threw an explosive device into the insured's car); Schweitzer, supra, (plaintiff pulled from vehicle and assaulted by a third person). In each of these cases, the court stated that the connection between the injury and the insured vehicle was too tenuous, and denied recovery under the act.

In the present case, there was no criminal or intentional act by a third party. A rock simply fell from

the sky — an unlikely but not inconceivable event. In fact, it is entirely foreseeable that stones or rocks may be thrown into the air by other vehicles, or fall to the roadway in mountainous areas, or bounce out of open bed trucks, etc. According to defendant, the rock struck plaintiff due to an explosion at Cloe Mining Co., and therefore plaintiff should have sued the mining company. However, one of the goals of the No-fault Act was to compensate victims quickly and not wait for them to establish that someone else was at fault in a particular accident. 40 P.S. §1009.102(a). Furthermore, there was no impediment preventing defendant from suing the mining company for indemnification or joining the mining company as an additional defendant.

Here, the causal connection between plaintiff's injuries and the insured vehicle was more than mere chance or happenstance. While fate perhaps directed that the rock strike the hood of plaintiff's vehicle, the forward motion of the vehicle itself was a substantial cause of plaintiff's injuries. In this regard, the case is distinguishable from two cited by defendant: Ash v. Commonwealth Realty, 4 D.&C. 3d 418 (1978), and Howe v. Harleyville Insurance Companies, 313 Pa. Super. 65, 459 A.2d 412 (1983). In Ash, plaintiff was injured when struck by a load of debris falling from a building as she was stopped in her automobile at a red light. In Howe, plaintiff was injured when his leg was struck by a hunter's errant bullet. In both cases, the courts found that, while the injuries sustained were purely accidental, the act did not apply because the causal link between vehicle and injury was insubstantial. The courts, in effect, stated that plaintiffs would have been injured in any event, whether they were in vehicles or not. Such was not the case here. Thus, we conclude that plaintiff was a victim of a

motor vehicle accident, and therefore deny defendant's motion for summary judgment.

## ORDER

And now, this June 24, 1985, for the reasons stated in the above opinion, we hereby order, direct and decree that defendant's motion for summary judgment be denied.