## Butler v. Pennsylvania Assigned Claims Plan

*Alan L. Pepicelli,* for plaintiff.

*Philip A. Faix, Jr.,* for defendant Assigned Claims Plan.

*W. Allen Dill,* for defendant Allstate Insurance Co.

FRAMPTON, *J.*, March 31, 1986—Albert W. Butler, husband of plaintiff Priscilla Butler, was fatally injured on September 23, 1982. The actual cause of death remains something of a mystery. At the time of the accident, Mr. Butler was standing on the back of a flatbed truck owned by his employer, George Simon Brothers. Another employee of George Simon, Mr. Earl Hudspeth, was operating a crane next to the truck on which Mr. Butler stood.

In the process of loading scrap metal onto the flatbed truck, a piece of metal came loose from the crane and fell. The metal struck Mr. Butler on the

head, causing him to fall to the ground. The crane operator observed Mr. Butler on his elbows and knees next to the truck and then saw him collapse gasping for breath. Mr. Hudspeth, also a certified Emergency Medical Technician and Cardio-Pulmonary Resuscitation instructor, initiated mouth-to-mouth resuscitation and CPR. An ambulance arrived while Mr. Butler was still gasping for breath. Mr. Butler was pronounced dead soon after arriving at Greenville Hospital.

The mystery of this case arises out of the coroner's conclusion that Mr. Butler died as a result of electrocution. No one has yet been able to identify the source of the electricity. The only plausible theory suggested so far is that the electricity emanated from high-powered electrical lines suspended above the crane.

Plaintiff instituted this action claiming benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act, July 19, 1974, P.L. 486, 40 P.S. §1009.101 et seq., repealed February 12, 1984 P.L. 26, section 8(a). Defendant Allstate Insurance Company (Allstate), Mr. Butler's auto insurance carrier, and Pennsylvania Assigned Claims Plan (Assigned Claims) moved for summary judgment arguing that Mr. Butler's injuries and death were not the result of an automobile accident and therefore were not compensable under the No-fault Act.

A summary judgment is properly granted only when, after viewing the record in the light most favorable to the nonmoving parties, there is no triable issue of fact. Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1979); Richland Mall Corp. v. Kasco Construction Co., Inc., 337 Pa. Super. 204, 486 A.2d 978 (1984); Pa.R.C.P. 1035. We find in this case that both defendants are entitled to summary judgment.

Section 103 of the no-fault act defines "victim" as one who "suffers injury arising out of the maintenance or use of a motor vehicle." That section also defines "maintenance or use" as meaning:

"[M]aintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include:

"(A) . . .

"(B) conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or alighting from it."

The courts have further clarified what constitutes an injury arising out of maintenance or use of a motor vehicle. The consensus is that no-fault recovery requires some causal relationship between the use of the motor vehicle and the injury sustained.

Plaintiff argues that there was a causal relationship between the use of the vehicle and the injury because Mr. Butler's presence on the truck was to load the truck and that, had the truck not been present at that time and place, the accident would not have happened. This chance correlation is not sufficient causation to satisfy the Superior Court test. In Schweitzer v. Aetna Life and Casualty Co., 306 Pa. Super. 300, 452 A.2d 735 (1982), the court held that "while the causal connection need not rise to the level of proximate causation, for purposes of coverage under the No-fault Act there must be some connection, more than mere chance or happenstance, between the injuries sustained and the insured vehicle." Id. at 303, 452 A.2d at 737. There the insured had been pulled from her car and intentionally assaulted, and the court held No-fault was not applicable. The Superior Court later cited

Schweitzer as standing for the rule that "the automobile itself, not some external force, must be the instrumentality used to cause the injury in No-fault cases." Glad v. State Farm Mutual Automobile Insurance Co., 336 Pa. Super. 196, 202, 485 A.2d 499 (1984). The court in Glad affirmed summary judgment for the insurer in that case brought on behalf of an insured driver shot outside his vehicle.

Numerous other Pennsylvania Superior Court decisions have denied no-fault benefits in cases where the injury is the result of an external force or condition. In Cerrato v. Holy Redeemer Hospital, 342 Pa. Super. 551, 493 A.2d 728 (1985), a delivery man stepped into a hole while stepping down from a truck. The court held that the injury was caused by the condition of the land and therefore no-fault did not apply. A similar factual situation and result exists in Dull v. Employers Mutual Casualty Co., 278 Pa. Super. 569, 420 A.2d 688 (1980). In Camacho v. Nationwide Insurance Company, 314 Pa. Super. 21, 460 A.2d 353 (1983), aff'd per curiam 504 Pa. 351, 473 A.2d 1017 (1984), the court held that an automobile driver injured by an explosive thrown into his car was not entitled to no-fault benefits. The court reasoned that the intentional tort had *no connection with a motor vehicle accident as that term is commonly understood.*

Similarly, several cases involving automobile occupants shot by others were held to be cases to which no-fault did not apply. Howe v. Harleysville Insurance Co., 313 Pa. Super. 65, 459 A.2d 412 (1983); Erie Insurance Exchange v. Eisenhuth, 305 Pa. Super. 571, 451 A.2d 1024 (1982); Rife v. State Farm Mutual Automobile Insurance Co., 304 Pa. Super. 359, 450 A.2d 720 (1982). The Erie court believed that the facts not only did not rise to the level of proximate causation, but did not even meet

the "but for" standard because the "injuries were not caused by the operation of the vehicle," but were the result of a gunshot. Erie, supra, at 574, 451 A.2d at 1025. The electrocution of Mr. Butler in the case now before the court presents an analogous situation, and we therefore believe that the Superior Court cases cited above compel our holding.

The electricity which caused Mr. Butler's injuries is an external force. There is no evidence that the truck was the source of the electricity. There is no evidence that the flatbed truck acted as the conductor of the current or in any other way brought the victim in contact with the electricity. The only role played by the truck was that Mr. Butler happened to be standing on it either [during], or immediately prior to, his injury. If this tangential correlation were sufficient to rise to the level of a causal connection, we believe that the Superior Court could not have decided the cases cited above, particularly those cases involving passengers who were shot, in the manner which it did.

Furthermore, we believe that the Butler case does not involve an automobile accident as that term is commonly understood. The Superior Court held that the absence of such an accident was fatal to no-fault recovery in Camacho and the Pennsylvania Supreme Court affirmed that decision. The Butler case involves an electrical accident not an automobile accident.

Plaintiff cites Utica Mutual Insurance Company v. Contrisciane, 504 Pa. 328, 473 A.2d 1005 (1984), as establishing specific criteria for determining when one is "occupying" a motor vehicle for purposes of uninsured motorist coverage. Contrary to plaintiff's assertion, however, we believe that the Butler case does not meet the criteria articulated in that decision. The very first element of the Pennsyl-

vania Supreme Court test is that there be "a causal relation or connection between the injury and use of the uninsured vehicle" Id. at 336, 473 A.2d at 1009. Although Utica dealt with uninsured motorist coverage, this holding, reinforced by the court's per-curiam affirmation of the Superior Court's decision in Camacho, solidifies our belief that the automobile insurance legislation was intended only for injuries causally connected to a motor vehicle.

Having found no causal connection between the electrocution of Mr. Butler and the maintenance or use of a motor vehicle, we believe that defendants Allstate Insurance Company and Pennsylvania Assigned Claims are entitled to summary judgment.

Hence this

## ORDER

And now, this March 31, 1986, the summary judgment motions of defendants Allstate Insurance Company and Pennsylvania Assigned Claims are granted thereby precluding the recovery by plaintiff of no-fault benefits from defendants Allstate Insurance Company and Pennsylvania Assigned Claims.