## Smith v. United Services Automobile Association

*Robert G. Leino*, for plaintiff.
*Steven E. Combs*, for defendant.

BROWN, *J.*, August 1, 1989 — On the afternoon of October 25, 1985, the plaintiff, Hugh J. Smith Jr., then age seven, was riding his bicycle on Buchart Road, Gilbertsville, this county, accompanied by his brother, James, and two friends. They saw a farm tractor pulling a haywagon. Both adults and children were being taken for a ride by the owner, Daniel Mertz.

The boys followed along behind the haywagon with young Smith approximately five feet behind the left rear. The children in the haywagon were throwing hay at each other and onto Buchart Road.

A boy on the wagon turned toward Smith and threw hay, striking him in the face. As a result, he lost control, went off the road, struck a tree and fractured his skull.

Plaintiffs petitioned the court to compel defendant, their uninsured motorist carrier, to submit to arbitration a claim arising out of the incident. We dismissed the petition finding that Hugh Smith's injuries did not "arise out of the ownership, maintenance, or use of (an) uninsured motor vehicle."

The pertinent provision of the policy states:

"We will pay damages which a covered person is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident. The owner's or operator's liability for these

damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle."

Likewise, section 1731(b) (Uninsured Motorist Coverage) of the Financial Responsibility Act provides:

"Uninsured Motorist Coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefore from owners or operators of uninsured motor vehicles." 75 Pa.C.S. §1731(b):

In *Day v. State Farm Mutual Ins. Co.,* 261 Pa. Super. 216, 396 A.2d 3 (1979), the appellant was injured during an altercation with another driver following a traffic accident. He claimed his injuries resulted from the maintenance or use of a vehicle. The Superior Court found otherwise:

"The real issue in this case involves the instrumentality used to cause the injury, not whether it was intentionally or accidentally inflicted. Automobile insurance . . . [is] designed to compensate victims for vehicle-caused injuries. There must be some connection between the harm done and the . . . vehicle." *Id.* at 219, 396 A.2d at 5.

*Day* was decided under the Act of 1963, as amended (40 P.S. §2000), since repealed, but the language is the same so far as relevant:

"(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or used of a motor vehicle shall be delivered or issued . . . "

In *Roach v. Port Authority of Allegheny County and State Farm Insurance Companies,* 380 Pa. Super. 28, 550 A.2d 1346 (1988), a public transportation passenger, injured in a fight between two

other passengers, sustained injuries as a result. The Superior Court refused to find a causal link between the injury and the maintenance or use of a motor vehicle and denied first party benefits stating that:

"The fact that Mrs. Roach was on a bus was incidental to her injuries. Her injuries were caused by two men fighting, not the maintenance or use of a motor vehicle. The causal connection need not rise to the level of proximate causation; however, some connection must exist between the motor vehicle and the victim's injuries. This connection must be more than mere happenstance." *Roach, supra.*

In a similar case, *Alvarino v. Allstate Insurance Co.*, 370 Pa. Super. 563, 537 A.2d 18 (1988), the appellant was bitten by a dog while riding in a van owned by a neighbor. First-party benefits were sought to cover medical expenses under the policy. On appeal, the Superior Court upheld the trial court's order granting Allstate's motion for judgment on the pleadings, stating that:

"[T]here must be some causal connection between the injuries and the use of the motor vehicle. In other words, the involvement of the motor vehicle must be more than merely incidental to the cause of the injuries . . . we cannot see how there is any more than a merely incidental involvement of a motor vehicle in the situation which gave rise to appellant's injuries." *Id.* at 2, 537 A.2d at 21.

While both of these cases, *Roach* and *Alvarino*, were first party actions, the language is the same, "maintenance or use" in the case of uninsured motorist coverage, and the result should be the same.

Smith's injury was the result of an intentional tort by one of the boys. The wagon and tractor combination did not cause the injury, the hay thrown by

the boy did. The vehicle was merely incidental; the only connection between the injury and the vehicle is that the hay was thrown from the wagon.